UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**TOSH LEE MCCAIN** and **LISA MARIE MCCAIN**,

Debtors.

Case No. **07-60541-7**

## *MEMORANDUM of DECISION*

At Butte in said District this 1st day of June, 2007.

In this Chapter 7 bankruptcy, Debtors filed a Motion to Avoid Lien under 11 U.S.C. § 522(f) and Notice on May 18, 2007, seeking to avoid liens held by Allied Card Bank and Randy E. Krastel. This Memorandum of Decision sets forth the Court's findings of fact and conclusions of law with respect to Debtors' Motion.

Debtors' instant motion was filed in accordance with Mont. LBR 4003-4, which provides:

> A debtor shall move to avoid liens pursuant to 11 U.S.C. § 522(f)(1) by filing Mont. LBF 24. If a creditor files a response and requests a hearing within ten (10) days of the date of the motion, then the creditor shall notice the contested matter for hearing pursuant to Mont. LBR 9013-1 and shall provide that the hearing on the objection and response shall be scheduled at least 20 days after the date of the creditor's response and request for hearing. If the creditor fails to file a written objection to the debtor's motion, addressing with specificity the allegations contained therein, within ten (10) days of the date of the notice provided by Mont. LBF 24, the creditor shall be deemed to have waived any objection to avoidance of its lien.

In accordance with the above, Debtors utilized Mont. LBF 24, when they filed the

1

aforementioned Motion.  Mont. LBF 24 includes a "NOTICE TO CREDITOR" provision which grants the affected creditor or creditors ten (10) days to respond to a debtor's request for lien avoidance and schedule the matter for hearing.  The "NOTICE" provision attached to Debtors' motion provides that "[i]f no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted."  Neither Allied Card Bank nor Randy E. Krastel filed a response to Debtors' motion within the ten day time period.

The avoidance of liens, in general, is governed by 11 U.S.C. § 522(f), which provides in relevant part:

> Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is-
>
> > (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5)[.]

By its plain terms, § 522(f)(1) applies only to judicial liens.  Liens are generally categorized as judicial liens, statutory liens or consensual liens.  "Those three categories are mutually exclusive and are exhaustive except for certain common law liens." *In re Harpole*, 260 B.R. 165, 19 Mont. B.R. 91, 98 (Bankr. D. Mont. 2001), *citing* H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 312 (1977).  The terms "judicial lien" and "statutory lien" are both defined in the Bankruptcy Code.  A judicial lien is a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding."  11 U.S.C. § 101(36).  A statutory lien, on the other hand, is a "lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial

2

lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute". 11 U.S.C. § 101(53). "'A statutory interest is only one that arises automatically, and is not based on an agreement to give a lien or on judicial action. Mechanics' [construction], materialmen's and warehousemen's liens are examples. Tax liens are also included in the definition of statutory lien.' *See* H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 314 (1977). *See also In re Zerger*, 35 B.R. 42, 43-4 (Bankr. Or. 1983); *In re Koski*, 149 B.R. 170, 176-77 (Bankr. Idaho 1992); *In re O'Connell*, 13 Mont. B.R. 271, 274-75 (Bankr. Mont. 1994)."

Debtors assert in their motion that Allied Card Bank's judicial lien impairs Debtors' homestead exemption. In support of such assertion, Debtors represent that the market value of their homestead property is $250,000.00. Debtors also maintain that the homestead property is encumbered by a consensual secured obligation in the sum of $188,000.00. The allowable homestead exemption on the date Debtors filed their bankruptcy petition was $250,000.00 under Mont. Code Ann. § 70-32-104 (as amended on March 30, 2007). Using the formula set forth in 11 U.S.C. § 522(f)(2)(A) and the uncontested facts asserted by Debtors in their motion, the Court finds that Credit Allied Card Bank's judicial lien impairs Debtors' homestead exemption.

The lien held by Randy E. Krastel, however, arises solely by statute and is clearly a statutory lien. In other words, no legal or equitable process or proceeding is required to determine whether Randy E. Krastel is entitled to his lien. The mere fact that enforcement of a lien may require resort to the courts does not transform the lien into a judicial lien. *See Evans Products Co. v. Ribeiro (In re Ribeiro)*, 7 B.R. 359, 361 (Bankr. D. Mass.1980).

The Court's finding comports with the spirit of § 522(f). As explained by the United

States Supreme Court in *Farrey v. Sanderfoot*, 500 U.S. 291, 297-98, 111 S.Ct. 1825, 1829-30:

> Congress enacted § 522(f) with the broad purpose of protecting the debtor's exempt property. *See* S.Rep. No. 95-989, p. 77 (1978); H.R.Rep. No. 95-595, *supra*, at 126-127. Ordinarily, liens and other secured interests survive bankruptcy. In particular, it was well settled when § 522(f) was enacted that valid liens obtained before bankruptcy could be enforced on exempt property, *see Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 582-583, 55 S.Ct. 854, 859-860, 79 L.Ed. 1593 (1935), including otherwise exempt homestead property, *Long v. Bullard*, 117 U.S. 617, 620-621, 6 S.Ct. 917, 918, 29 L.Ed. 1004 (1886). Congress generally preserved this principle when it comprehensively revised bankruptcy law with the Bankruptcy Reform Act of 1978, Pub.L. 95-598, 92 Stat. 2587, 11 U.S.C. § 522(c)(2)(A)(i). But Congress also revised the law to permit the debtor to avoid the fixing of some liens. *See, e.g.*, 11 U.S.C. § 545 (statutory liens).
>
> Section 522(f)(1), by its terms, extends this protection to cases involving the fixing of judicial liens onto exempt property. What specific legislative history exists suggests that a principal reason Congress singled out judicial liens was because they are a device commonly used by creditors to defeat the protection bankruptcy law accords exempt property against debts. As the House Report stated:
>
>> "The first right [§ 522(f)(1) ] allows the debtor to undo the actions of creditors that bring legal action against the debtor shortly before bankruptcy. Bankruptcy exists to provide relief for an overburdened debtor. If a creditor beats the debtor into court, the debtor is nevertheless entitled to his exemptions." H.R.Rep. No. 95-595, *supra*, at 126-127, U.S.Code Cong. & Admin.News 1978, pp. 6087-6088.
>
> One factor supporting the view that Congress intended § 522(f)(1) to thwart a rush to the courthouse is Congress' contemporaneous elimination of § 67a of the 1898 Bankruptcy Act, 30 Stat. 564. Prior to its repeal, § 67(a) invalidated any lien obtained on an exempt interest of an insolvent debtor within four months of the bankruptcy filing. The Bankruptcy Reform Act eliminated the insolvency and timing requirements. It is possible that Congress simply decided to leave exemptions exposed despite its longstanding policy against doing so. But given the legislative history's express concern over protecting exemptions, it follows instead that § 522(f)(1) was intended as a new device to handle the old provision's job by "giv[ing] the debtor certain rights not available under current law with respect to exempt property." H.R.Rep. No. 95-595, *supra*, at 126, U.S.Code Cong. & Admin.News 1978, p. 6087.

In sum, Randy E. Krastel has a valid statutory lien which Debtors can not avoid as impairing an exemption to which they would otherwise be entitled. In accordance with the foregoing, the Court will enter a separate order providing as follows:

IT IS ORDERED that the Motion to Avoid Lien under 11 U.S.C. § 522(f) filed by Debtors on May 18, 2007, is GRANTED in part, and the judicial lien held by Allied Card Bank against Debtors' homestead property is hereby avoided.

IT IS FURTHER ORDERED that Debtors' Motion to Avoid Lien under 11 U.S.C. § 522(f) filed by Debtors on May 18, 2007, is DENIED to the extent Debtors seek to avoid the statutory lien held by Randy E. Krastel.

        BY THE COURT

        */s/ Ralph B. Kirscher*
        HON. RALPH B. KIRSCHER
        U.S. Bankruptcy Judge
        United States Bankruptcy Court
        District of Montana